T. O. HUSO. as guardian of KNUT KNUTSON, SVEIN KNUTSON, MARGIT KNUTSON and KATHRINE KNUTSON, minors, Respondent, v. REGINA JASPER and PETER JASPER, her husband, et al., Appellants.

(183 N. W. 366.)

**Guardian and ward — mortgaging wards' estate and maintaining home thereon held not to show attempt to defeat wards' interests.**

1. In an action brought by a guardian of certain minors for the purpose of securing a conveyance of an interest in lands to which one

of the defendants, the mother of the wards, holds the legal title, and for general relief, where it appears that the estate of the wards, consisting of a two-thirds interest in an unimproved quarter section of land, had been sold in probate court; that, in lieu of the cash consideration, the purchaser had conveyed a quarter section of equal value to the mother of the wards, who, in turn, had executed a mortgage upon the land so conveyed to her representing the value of the estate of the wards in the quarter section sold; that, owing to disqualification of the guardian making the sale, a second guardian, the plaintiff, was appointed, who initiated proceedings in probate court to legalize the first sale, but refused to receive the mortgage and accumulated interest as representing the estate of the wards; that the mother remarried, and she, her husband and children, moved onto the land so deeded to her, and put improvements thereon equal or exceeding in value the original value of the land, and that the mother and her present husband maintained thereon a home for the wards—it is *held*, the evidence does not show any attempt to defeat the interests of the minors.

**Guardian and ward — value of land with accrued interest directed to be paid over to guardian; investment on second mortgages not authorized.**

2. In the circumstances disclosed, equity requires that the value of the estate of the minors in the unimproved quarter section sold, plus the accrued interest, be paid over to the present guardian in cash, and that the legal titles be quieted in accordance with the conveyances made.

Opinion filed May 24, 1921.

Appeal from the District Court of Divide County, *Leighton*, J.

Reversed and remanded.

*George P. Homnes,* for the appellants.

All sales of real estate of wards must be for cash, or for part cash and part deferred payments not to exceed three years, bearing date from date of sale as in the discretion of the judge is most beneficial to the ward. § 8911 Comp. Laws 1913; 12 R. C. L. § 26 p. 1127.

A guardian may lawfully exchange personal property of the ward for other personal property without order of the court when a prudent man in the conduct of his affairs would have done so. He cannot exchange his realty without order of court, unless this power has been conferred on him by deed or will. 21 Cyc. p. 84.

That a guardian may lawfully exchange personal property in advance

of legal authority is contrary to public policy and void. LeRoy v. Jacobosky, 136 N. C. 443, 67 L. R. A. 977.

*John E. Greene* and *Olaf Braatelien,* for respondent.

BIRDZELL, J. This is an appeal from a judgment which is referred to in the notice of appeal as "a preliminary decree and judgment made by the district court of Divide county," in an action brought for the ostensible purpose of securing to the wards of the plaintiff a conveyance of a certain interest in the lands to which the defendant Regina Jasper, the mother of the wards, holds the legal title, and for general equitable relief. The facts are as follows:

Kjettil Knutson, deceased, died seized of the northeast quarter of section 21, township 163 N., of range.98, in Divide county. He died intestate, leaving as his heirs Regina Knutson and four minor children. In the probate proceedings the·quarter section above described was decreed one-third to Regina Knutson and the remaining two-thirds interest to the minors. Regina Knutson later married Peter Jasper, and upon her petition to the county court he was appointed guardian of the minors. On March 6, 1916, Peter Jasper filed a petition in the county court for license to sell at private sale the two-thirds interest of the minors in the above described property. The petition recites that Regina Jasper, the mother of the minors and owner of an undivided one-third interest in the land, is desirous of selling and disposing of her interest therein; that the land is unimproved; that the income is not sufficient to be profitable from year to year without the expenditure of money; and that the best interests of the estate of the minors would be subserved by a sale and the investment of the proceeds. An order of license was made authorizing a sale for cash or on time with sufficient security, the proceeds to be invested according to law. The property was ostensibly sold thereunder to the defendant Hans K. Haugland. Haugland was the owner of the northwest quarter of section 26 in the same township, and instead of paying cash for the land he conveyed his quarter section to Regina Jasper. The report of sale states that Hans K. Haugland became the purchaser for the sum of $2,000, and the order of confirmation recites that it was sold "for the sum of $2,000, the said sum to be secured by a mortgage on the land sold and bearing 7 per cent interest."

Pursuant to the order of confirmation Peter Jasper, by guardian's deed

dated August 7, 1916, conveyed to Hans K. Haugland; and Regina Jasper, by warranty deed, likewise conveyed her one-third interest.

It was later discovered that by reason of the relationship of stepfather Jasper was not a qualified person to act as guardian, and in May, 1918, Regina Jasper filed a petition in the county court asking for the appointment of the defendant Huso as guardian of her minor children. He was duly appointed. On June 1, 1918, Huso petitioned for and obtained a license to sell this same land that had been originally sold by Jasper. A report of sale was made, showing its sale to Haugland, and the order of confirmation recites that it was sold for cash. It contains this further recital, however:

"These proceedings for the sale of the first above described land, namely, northeast quarter of section 21, township 163 N., of range 98, are had to legalize and correct an error in a previous sale had of said land."

Pursuant to this order Huso conveyed the premises by guardian's deed dated July 1, 1918. There was a mortgage of $1,000 on the Knutson quarter, and one for $1,200 on the Haugland quarter. The two properties are regarded throughout these proceedings as having been of equal value, and Haugland paid $200, part cash, to adjust the difference between the mortgages. After conveyance of the Haugland land to Mrs. Jasper, she, her husband, and the Knutson children moved upon the Haugland land, constructed thereon improvements consisting of a house, barn, granary, fences, and in addition removed stones and did plowing, the total value of the improvements being more than $4,000. Regina Jasper executed to Peter Jasper, as guardian of the minor children, a mortgage for $2,000, securing a note due May 1, 1921. The evidence in the record shows that the Jaspers treated this mortgage upon their homestead as representing the investment of the proceeds of the sale of the interest of the minors in the Knutson quarter. But the present guardian, Huso, has refused to accept the mortgage as belonging to the estate of the minors, and has likewise refused to receive interest.

The judgment appealed from holds that Peter Jasper was disqualified for the office of guardian; that his transactions in purporting to convey the interest of the minors were voidable; that the conveyance thereof to Haugland was illegal and voidable, being made without due knowledge and consideration of the estate of the minors; that the terms of sale were illegal; that the guardian received no part of the consideration, either in land, moneys, or security, but that the entire consideration was received

by Regina Jasper through her title to the Haugland quarter section; that it is in the interests of the minors and not detrimental to the interests of any of the defendants that the minors be vested with the undivided two-thirds interest (each one-sixth) in the Haugland quarter; that the plaintiff is entitled to judgment accordingly. In default of such conveyance, however, it is ordered that an accounting be had covering the increased value of the two tracts of land involved, and upon the completion of such accounting a final decree be made, cancelling the deed of conveyance made by Haugland to Regina Jasper, and annulling the deeds made by Peter Jasper and by Huso as guardian, and that title be quieted to the respective quarter sections in their original owners in the proportions held by them prior to the sale, taking into account, however, increases in value, increases and decreases in incumbrances, etc. In the event of a conveyance of two-thirds interest in the Haugland quarter by Regina and Peter Jasper to the minors it is provided that title to the Knutson quarter will be quited in Haugland, and that title to the Haugland quarter will be quieted in Regina Jasper and the minors, in the proportions indicated.

We are of the opinion that the evidence in this record fails to show any attempt to defeat the interests of the minors. The evidence is that Peter Jasper, their stepfather, and Regina Jasper, their mother, are maintaining a home for them and providing support; that at the decease of the father there were practically no improvements upon the quarter section he left, and that the Jaspers have expended large sums of money in improving the quarter section which Haugland conveyed to Mrs. Jasper. In fact, under the evidence in this record, the improvements that they have put upon the quarter section are the equivalent of the original value of the land itself. There is no testimony going to show that the interest of the minors in the Knutson quarter has been undervalued, but there is testimony that the Jaspers, by their executing the note and mortgage to the guardian upon the land upon which they were residing, have shown a disposition to keep intact the minors' estate at its full original worth.

They have also paid and offered to pay interest upon this security; but the present guardian, though at first co-operating to carry out the legitimate intention to convert the estate from real property to a mortgage investment, has for some reason changed his purpose, and by these proceedings is endeavoring, apparently, to make more difficult an equitable solution of the matter. Further, there is testimony that Mrs.

Jasper has property in the shape of stock in a tannery in Norway which has yielded a substantial income, running up to $1,500 per year during the past few years. There is no showing that the estate of the minors is in jeopardy. It does appear, however, that the mortgage security which in fact represents the minors' estate is not a first mortgage lien upon the Haugland quarter now owned in fee by Regina Jasper. Since this was not a legal investment Huso was justified in not receiving it as representing the estate of the wards. It further appears that the note which this mortgage secures was due the first of the present month. We think equity requires that within six months from the filing of the remittitur herein the estate of the minors, as represented by their two-thirds interest in the Knutson quarter section and shown to be of the value of $2,000, plus the accrued interest, should be converted into cash. It will then be subject to proper investment under the direction of the county court.

In view of the apparent good faith that has characterized the action of the Jaspers throughout, we can see no equity in requiring them to convey to the minors a two-thirds interest in the property that they have improved on the supposition that it was legitimately the individual property of Regina Jasper. Neither can we see wherein equity requires cancellations or reconveyances, and a prolonged accounting, the result of which would be to re-establish Haugland's title in lands which have been extensively improved by the Jaspers, of which they have had undisputed possession for several years, and upon which is the home of their own creation. The titles to the respective quarter sections are quieted in accordance with the conveyances made and subject to all lawful liens and conveyances. The title of Regina Jasper, however, to the quarter section obtained from Haugland, remains subject to a lien for the value of the interest of the minors as herein determined until such interest is converted into cash and paid to the lawful guardian.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

ROBINSON, C. J., and CHRISTIANSON, GRACE, and BRONSON, JJ., concur.